J-S43026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN W. O'NEILL | |
| Appellant | No. 2761 EDA 2014 |

Appeal from the PCRA Order August 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011394-2008

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 18, 2015**

Appellant, John W. O'Neill, seeks review of the Philadelphia Court of Common Pleas' order dismissing his Post Conviction Relief Act ("PCRA")[1] petition and challenges the effectiveness of trial counsel.  We affirm.

On March 7, 2011, O'Neill was found guilty after a bench trial of aggravated assault in connection with the March 2008 beating of his girlfriend. The beating left the victim with severe bodily injuries, including permanent brain damage.

The trial court sentenced O'Neill to ten to twenty years' incarceration. This Court affirmed on direct appeal; our Supreme Court denied allowance of appeal.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

O'Neill filed a timely PCRA petition. The PCRA court held two arguments where counsel presented their positions. The PCRA court ultimately dismissed the petition without an evidentiary hearing. O'Neill filed the instant appeal and now raises the following issues for review.

a. Did prosecutorial misconduct and ineffective assistance of trial counsel result in violations of Appellant's right to present a defense and to confront his accuser?

b. Was counsel ineffective for failing to challenge the admissibility of, or the weight to be afforded to, prior complaints of physical abuse on the ground that [the victim] was psychotic at the time of the prior reports?

Appellant's Brief, at 1.[2]

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, ***Edmiston v. Pennsylvania***, ___ U.S. ___, 134 S. Ct. 639 (2013). We review the PCRA court's legal conclusions *de novo*. ***See Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011).

_____

[2] The claim of prosecutorial misconduct is waived as this claim could have been raised on direct appeal. ***See Commonwealth v. Zook***, 887 A.2d 1218, 1227 (Pa. 2005) ("An allegation is deemed to be waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.") (internal quotation marks omitted).

O'Neill's issues are premised on claims of ineffective assistance of counsel.

> [T]o prevail on his ineffectiveness allegations, Appellant must demonstrate that the underlying claim is of arguable merit; that no reasonable strategic basis existed for counsel's act or omission; and that counsel's error resulted in prejudice, or, in other words, that there is a reasonable probability that the outcome would have been different.

*Commonwealth v. Gibson*, 951 A.2d 1110, 1120 (Pa. 2008) (citation omitted).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Barnett*, ___ A.3d ___, ___, 2015 WL 4550107 at *3 (Pa. Super., filed July 29, 2015) (citation omitted). "In considering whether counsel acted reasonably, we look to whether no competent counsel would have chosen that action or inaction." *Id*. (citation omitted). We also consider whether "the alternative, not chosen, offered a significantly greater potential chance of success." *Id*. (citation omitted).

> [P]rejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. This probability is sufficient when it undermines confidence in the outcome of the proceeding. Counsel is presumed to have rendered constitutionally effective representation.

*Barnett*, *supra* at *3 (citation omitted).

O'Neill first avers that trial counsel, Joseph Bruno, Esq., "was deficient for failing to investigate the status of the alleged victim as to whether she was competent, and more importantly, whether the prosecution's statement regarding a prior judicial finding was accurate." Appellant's Brief, at 16.[3] He argues that the PCRA court should have held an evidentiary hearing for a "retrospective competency determination" because the prosecutor's statement was material to the outcome of the case and, thus, prejudicial. *Id*. at 20.

The following facts are relevant to this issue. At a pre-trial motions hearing before the Honorable Ramy I. Djerassi, the Commonwealth sought the admission of medical evidence of prior injuries that the victim had allegedly suffered at the hands of O'Neill. In response to Judge Djerassi's question of why the victim would not be testifying at trial, the Commonwealth stated that it did not believe the victim to be competent.[4] Both the Commonwealth and the court alluded to holding a competency hearing if necessary. No competency hearing occurred.

---

[3] In support of his claim of incompetency, O'Neill notes that Attorney Bruno was subsequently suspended from the practice of law because of misconduct that allegedly occurred in cases other than his. This information is not relevant to the disposition of the instant appeal.

[4] The Commonwealth also noted that the victim's competency was irrelevant to the prior bad acts motion.

At O'Neill's bench trial before the Honorable Denis P. Cohen, a newly-assigned prosecutor stated that "[b]ased on a prior determination by a different judge, [the victim] is not competent to testify at trial." Notes of Testimony ("N.T.") Trial, 2/28/11, at 72. Mr. Bruno did not object. By stipulation, the victim's registered nurse brought her before the court in a wheelchair as demonstrative evidence. The parties entered into a stipulation that the testimony of the registered nurse was that the victim resided at ManorCare because she suffered from seizures, memory loss, confusion, and, except for feeding herself, a complete inability to care for her basic daily needs.

In a mash-up of legal concepts, O'Neill states that he is unable to offer any proof as to what the victim would have said at trial because she "is now incompetent," but, in any event, because of the failure of his attorney to challenge the trial prosecutor's statement, O'Neill was denied his right to confront his accuser. Accordingly, he concludes, "no showing of prejudice or materiality is possible or required." Appellant's Brief, at 26.

To support his averment, O'Neill relies on **United States v. Cronic**, 466 U.S. 648 (1984). In **Cronic**, the Court observed, in relevant part, that "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, than there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." **Id**. at 659 and n.25. Such was not the case here. O'Neill's attorney presented a

medical expert and several of O'Neill's acquaintances to testify on his behalf. In addition, his attorney conducted vigorous cross-examination of the Commonwealth's witnesses. Accordingly, O'Neill's averment that he need not show prejudice is incorrect.

At the PCRA argument, in addressing O'Neill's claim that his attorney should have sought a competency hearing, or at least disputed the Commonwealth's mis-characterization of a prior competency determination, Judge Cohen, who was also the trial judge, made the following finding of fact.

> Among the three of us, this [c]ourt is the only person who was present at the actual trial.
>
> * * *
>
> And so this [c]ourt's the only person who actually saw her in court. And I must say that as many officers are often impeached because the question is, well, how do you remember this case, you have so many other cases; and the same could be said of this [c]ourt, because I've had so many cases.
>
> I often don't remember what witnesses look like. I've had so many in my career as a judge and previously in my career as an attorney. But I do remember this. It's very unusual. I was, like, really sad.
>
> I can picture her now as she was hauled in in a wheelchair. She couldn't sit straight on that wheelchair. She had assistance, obviously someone holding her in. She couldn't move the wheelchair by herself.
>
> There was a vacant glassy-eyed look in her eyes. She couldn't keep her head straight. Her head was cocked off to the side like this. Her eyes were looking up toward the ceiling. I've never seen a witness competent who had looked like that.

I would be stunned if she – from the [c]ourt's observation – and I'm no psychologist, no psychiatrist, but I do have to make findings of competency in my role as a jurist …. There was not one part of her that looked like she was present, one part of her that looked like she was competent, one part of her that showed signs of life ….  I've seen thousands of people testify, some people competent, some people not, most people are competent. I'd be … absolutely stunned if she was competent.

* * *

I see no basis whatsoever of having this retrospective competency examination.  I see no basis of [sic] that.  I think, as Mr. Ritterman [O'Neill's PCRA attorney] has said, it is defense's burden to provide a proffer of evidence that she was competent.  And it's also the defense's burden to show if competent, her testimony would alter the outcome of the trial; and the defense has not met that burden.

* * *

… [The] [c]ourt, again, having reviewed the arguments, recalled the appearance of the complainant at the time of the trial, and reviewing the standards for a PCRA that must be met at this stage, the [c]ourt finds that the petition has not met the standards.[]

The [c]ourt has previously reviewed the record.  The [c]ourt's conducted an independent review of the record, as well as the [c]ourt's own memory, and this is one case that [c]ourt remembers more than most other cases because of the exceptional tragedy of the case and the look of the complainant that I can still remember as I look here today as I preside over this case.

So, I would be absolutely stunned if she were competent to testify at that time based upon how she appeared.  She looked so incredibly incompetent.  She looked like she was barely able to be alive.

* * *

… [S]he looked like she belonged to that category of people that simply are not competent and not even competent to take care of their own basic needs or communicate their own basic needs.

So the [c]ourt will formally dismiss the petition.

N.T., PCRA Argument, 8/15/14, at 8-12.

In light of the PCRA court's finding of fact with respect to the victim's demeanor and the evidence presented at trial -- most significantly the Commonwealth's presentation of the victim and the medical expert's testimony -- we conclude that O'Neill has failed to show that his challenge to his attorney's effectiveness has arguable merit. **See Barnett**, *supra* at *3. We also conclude that O'Neill has failed to show that he suffered prejudice as a result of counsel's inaction, *i.e.*, he has not shown that there is a reasonable probability that the outcome would have been different. **See Gibson**, *supra*.

O'Neill also argues that he was denied his right to confront his accuser because of his counsel's failure to ascertain competency. A PCRA petition cannot succeed on a claim that counsel was ineffective for failing to call a witness "if the witness's testimony would not have materially aided him." **Commonwealth v. Baumhammers**, 92 A.3d 708, 725 (Pa. 2014). Here, O'Neill has stated that the victim would have testified that she injured herself *accidentally*. We highly doubt that. In light of the record evidence, we conclude that O'Neill's assertion is simply base speculation, if not absurd.

O'Neill also avers that trial counsel had been ineffective for failing to challenge the admission of prior bad acts evidence. In fact, Mr. Bruno

presented strong argument in opposition to the Commonwealth's motion to admit prior bad acts. *See* N.T., Motion, 7/20/10, at 5-6, 13-16. This averment is, accordingly, without merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2015